**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karen L. Cwiak,<br><br>        Plaintiff,<br><br>vs.<br><br>City of Phoenix, et al.,<br><br>        Defendant. | No. CV 09-1858-PHX-MHM<br><br>**ORDER** |

Currently before this Court are Defendants' Motion to Dismiss, (Dkt. #6); Motion to Strike re Plaintiff's Second Amended Complaint, (Dkt. #9); and Motion to Transfer and Consolidate, (Dkt. #17); and Plaintiff's Motion to Amend Complaint. (Dkt. #11). After reviewing the pleadings, and determining that oral argument is unnecessary, the Court issues the following Order.

I.    PROCEDURAL HISTORY

This case was originally filed in Maricopa County Superior Court. On September 4, 2009, Defendants removed this case to federal court. (Dkt. #1). Prior to removal, Plaintiff amended her complaint, alleging false imprisonment, wrongful prosecution, assault/excessive force, and civil rights violations pursuant to 42 U.S.C. § 1983.[1] On September 9, 2009,

---

[1] It does not appear that Plaintiff's original complaint was included with the documents attached to the notice of removal.

1  Defendants filed a Motion to Dismiss. (Dkt. #6). In response, on September 21, 2009,
2  Plaintiff filed her Second Amended Complaint, but did so without leave from this Court or
3  Defendants' permission. (Dkt. #7). As a result, on September 28, 2009, Defendants filed
4  their Motion to Strike re Plaintiff's Second Amended Complaint. (Dkt. #9). Plaintiff
5  responded on October 9, 2009, asking the Court to deny Defendants' strike motion, and
6  motioning in the alternative to amend its complaint. (Dkt. #11). Finally, on December 28,
7  2009, Defendants filed their Motion to Transfer and Consolidate, alleging the instant action
8  is identical to one currently before Magistrate Judge Duncan, CV-09-02686. (Dkt. #17).
9  Plaintiff has not filed papers in opposition to Defendants' Motion to Transfer and
10 Consolidate.

## II. DEFENDANTS' MOTION TO TRANSFER AND CONSOLIDATE

Pursuant to L.R.Civ. 42.1, Defendants request that a case currently before Magistrate Judge Duncan, CV-09-02686, be transferred and consolidated with the instant case. Rule 42.1(a) provide

> Any party may file a motion to transfer the case or cases involved to a single Judge whenever two or more cases are pending before different Judges and any party believes that such cases: (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor if heard by different Judges.

Having reviewed the Complaint filed in CV-09-02686 and compared it to Plaintiff's Second Amended Complaint, the Court finds that the two cases arise from the same event—Plaintiff's arrest on March 7, 2008—involve the same questions of law, and that their continued separation would entail substantial duplication of labor if heard by different Judges. In fact, the complaints in each of these two cases are nearly identical. In light of the foregoing and Plaintiff's lack of opposition to Defendants' motion, the Court will grant Defendants' Motion to Transfer and Consolidate.

## III. MOTION TO STRIKE RE PLAINTIFF'S SECOND AMENDED COMPLAINT

The Court turns first to Defendants' Motion to Strike. Defendant asks that this Court strike Plaintiff's Second Amended Complaint pursuant to L.R.Civ. 7.2 because it is not in compliance with Federal Rule of Civil Procedure ("FRCP") 15(a)(1)(2). See LRCiv 7.2

(authorizing a motion to strike when a party seeks "to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order."). FRCP 15 governs the manner in which a party may amend its pleading during the course of litigation. See generally FED. R. CIV. P. 15. In pertinent part, Rule 15 permits a plaintiff to amend its pleading "once as a matter of course" within twenty-one days after service, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(1)(A)–(B). Otherwise, a party wishing to amend its pleading must obtain either the opposing party's written consent or leave from the court. FED. R. CIV. P. 15(2).

Defendants allege, and Plaintiff does not deny, that Plaintiff filed her Second Amended Complaint without Defendants' permission and without leave from this Court. Plaintiff argues, however, that her Second Amended Complaint is not violative of Rule 15 because it represents the first amendment she has made to her Complaint since removal brought it under the purview of the FRCP. In other words, Plaintiff takes the position that the number of amendments a party has made to its complaint prior to removal from state court is irrelevant, as once a case is removed, only then does the FRCP become applicable, and Rule 15 entitles a party to one amendment as a matter of course. Although a clever argument, Plaintiff's position is incorrect.

It is well established that after a case has been removed to federal court, the case must proceed as if it had been brought in federal court originally. Sanchez Pinero v. HUD, 592 F. Supp. 2d 233, 239 (D.P.R. 2008) (noting that after removal "[t]he case will proceed as if it had been brought in the federal court originally" (quoting WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 3738 (3d ed. 1998))); G.G.G. Pizza, Inc. v. Domino's Pizza, Inc., 67 F. Supp. 2d 99, 102 (E.D.N.Y. 1999) (same). Accordingly, this Court must treat the amendment Plaintiff made to her original complaint while in state court as the single "matter of course" amendment permitted under Rule 15. Defendants are correct, therefore, that

1  Plaintiff violated Rule 15 by failing to secure either their permission or this Court's leave
2  before filing her Second Amended Complaint.

3  While granting Defendants' Motion to Strike is clearly warranted under L.R. CIV. 7.2, the Court declines to do so. First, Plaintiff's filing of its Second Amended Complaint was clearly predicated on a misunderstanding of the rules, not bad faith. Secondly, Plaintiff avers that its Second Amended Complaint is an attempt to alleviate deficiencies in its pleadings identified by Defendants in their Motion to Dismiss. Even if this Court granted Defendants' Motion to Strike, then went on to grant its Motion to Dismiss, it would likely do so without prejudice, giving Plaintiff an opportunity to amend its pleadings to address any deficiencies. Rather than playing out that whole process only to arrive back at the same procedural posture in which the case is now—a Second Amended Complaint and an outstanding motion to dismiss—the Court will grant Plaintiff's request for retroactive leave to file its Second Amended Complaint, but with one caveat; absent exceptional circumstances, any adverse decision to Plaintiff reached by the Court in a subsequent motion to dismiss will be made with prejudice. This caveat is intended to alleviate any prejudice Defendants feel they have suffered as a result of Plaintiff being allowed to file its Second Amended Complaint after having read Defendants' Motion to Dismiss. Finally, in light of the forthcoming consolidation of the instant case with a nearly identical action, denying Defendants' Motion to Strike will promote judicial economy by preventing this Court from having to consider piecemeal and duplicative motions to dismiss.

**Accordingly,**

**IT IS HEREBY ORDERED** granting Defendants' Motion to Transfer and Consolidate. (Dkt. #17). The Clerk of the Court is directed to transfer CV-09-02686 and consolidate it with the instant case.

**IT IS FURTHER ORDERED** denying Defendants' Motion to Strike re Plaintiff's Second Amended Complaint. (Dkt. #9).

**IT IS FURTHER ORDERED** denying as moot Defendants' Motion to Dismiss. (Dkt. #6)

1   **IT IS FURTHER ORDERED** granting Plaintiff's Motion to Amend Complaint.
2   (Dkt. #11). Defendants Second Amended Complaint is retroactively authorized and deemed
3   properly filed.
4       DATED this 23rd day of April, 2010.

_____
Mary H. Murgula
United States District Judge