**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KAREN L. CWIAK,<br><br>    Plaintiff,<br><br>vs.<br><br>SERGEANT SCOTT and SPOUSE SCOTT, husband and wife; OFFICER METCALF and SPOUSE METCALF, husband and wife; OFFICER CHURELLA and SPOUSE CHURELLA, husband and wife; OFFICER STEVENS and SPOUSE STEVENS, husband and wife; OFFICER BRUCE and SPOUSE BRUCE, husband and wife, RESERVE OFFICER ISAAC BLAKE and SPOUSE BLAKE, husband and wife; BRIAN D. BUTTS and SPOUSE BUTTS, husband and wife; and JOHN and/or JANE DOES, I-X,<br><br>    Defendants. | No. CV 09-1858-PHX-MHM<br>No. CV 09-2686-PHX-MHM<br>(Consolidated)<br><br>**ORDER** |

    Currently before the Court is Plaintiff's Motion to Remand, (Doc. 12), Plaintiff's Motion to Stay the Pending Motion to Dismiss And Pending Motion to Remand Until the Remaining Defendants Have Been Served With Process in this Case and Given a Reasonable Time to Respond, (Doc. 13), and Defendants Scott, Metcalf, Stevens, Bruce, Churella, and Blake's ("City Defendants") Motion to Dismiss,[1] (Doc. 7), in consolidated case CV 09-

---

[1] Defendants Craig and Jennifer Churella were not party to the Motion to Dismiss when it was originally filed, but subsequently filed a notice of their intent to join that motion.

2686. Having considered the Parties' briefs and determined that oral argument is unnecessary, the Court issues the following Order.

I. PROCEDURAL BACKGROUND

Plaintiff Karen L. Cwiak originally brought this case in Maricopa County Superior Court, alleging false arrest, false imprisonment, and wrongful prosecution, and violations of her civil rights under the First, Fourth, Eighth, and Fourteenth Amendments to the United State Constitution. (Doc. 1, exh. 1). On December 28, 2009, Defendants Scott, Metcalf, Stevens, Bruce, and Blake removed the case to federal district court. They filed their Motion to Dismiss on January 4, 2010, (Doc. 7), which became fully briefed on January 26, 2010. (Doc. 11). On January, 27, 2010 Plaintiff filed the instant Motions to Remand and to Stay. (Doc. 12; Doc. 13). Defendants responded to these motions on February 28, 2010, and Plaintiff did not reply. On April 29, 2010, this case, which was originally before Magistrate Judge Duncan, was consolidated with a nearly identical action already before this Court, CV-09-1858. (Doc. 27).

II. PLAINTIFF'S MOTION TO STAY

Plaintiff has filed a motion requesting that this Court stay rendering judgment on her Motion to Remand and Defendants' Motion to Dismiss, until the Churella and Butts Defendants have been served with process and given an reasonable time to respond. Since this motions's filing, both Defendants have been served and both have responded in some fashion to that service. The Churella Defendants have joined the outstanding Motion to Dismiss, and the Butts Defendants have filed an Answer to Plaintiff's Complaint. Plaintiff's motion, therefore, is denied as moot.

III. PLAINTIFF'S MOTION TO REMAND

In asking that this case be removed to state court, Plaintiff does not dispute the existence of federal jurisdiction. Instead, she argues removal was improper because Defendants Butts and Churella did not consent to removal.

---

(Doc. 25).

The removal statute authorizes a defendant to remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). In other words, "[o]nly state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The party invoking the removal statute bears the burden of establishing federal jurisdiction. See Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393 (9th Cir. 1988). Under 28 U.S.C. § 1446(a), generally, all defendants must join in a notice of removal. Chicago, R. I. & P. Ry. Co. v. Martin, 178 U.S. 245, 248 (1900). This general rule, however, applies only to defendants who were properly served in the state action, as the court has no jurisdiction over defendants who have not been served. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350-351, 355 (1999); Community Bldg. Co. v. Maryland Cas. Co., 8 F.2d 678, 679 (9th Cir. 1926). In Murphy Bros., the United States Supreme Court stated that unless a defendant is served with a summons or waives service, he or she is not an "official" party and is not required "to participate in a civil action or forgo procedural or substantive rights." 526 U.S. at 350-51.

The record shows that on December 28, 2009, the date this case was removed from state court, Defendants Butts and Churella had not yet been served, whereas the parties that joined in the notice or removal—Defendants Scott, Metcalf, Stevens, Bruce, and Blake—all had been served with process. Removal, therefore, appears to have been proper. Contrary, to Plaintiff's position, Defendants were not required to explain in their Notice of Removal why the non-served Defendants has not joined in removal, they needed only explain the absence of consent by those who had been served, of whom there were none. Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999); see also Mitchell v. Paws Up Ranch, LLC, 597 F. Supp. 2d 1132, 1139 (D. Mont. 2009) (holding that there is no obligation for the removing defendants to explain why the non-served defendants have not joined in the removal). In addition, Plaintiff's motion is likely moot, as subsequent to its filing, the Churella Defendants have explicitly consented to removal, (Dkt. #25), and the Butts Defendants have not filed a motion for remand and, in fact, have answered Plaintiff's

complaint. In light of the foregoing, Plaintiff's Motion for Remand must be denied.

## IV. CITY DEFENDANTS' MOTION TO DISMISS

The City Defendants have moved to dismiss all of Plaintiff's claims against them.

### A. Legal Standard

To survive a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the plaintiff must allege facts sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007); see also Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999) ("A dismissal for failure to state a claim is appropriate only where it appears, beyond doubt, that the plaintiff can prove no set of facts that would entitle it to relief."). A complaint must state a claim for relief that is plausible and that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Ashcroft v. Iqbal, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009). "[A]ll well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the nonmoving party." Wyler Summit Partnership v. Turner Broad. Sys. Inc., 135 F.3d 658, 661 (9th Cir. 1998). "[T]he court [is not, however,] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Spreewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). In evaluating such a motion to dismiss, a district court need not limit itself to the allegations in the complaint; courts may take into account "facts that are [ ] alleged on the face of the complaint [and] contained in documents attached to the complaint." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

### B. Facts

According to the Complaint, on the night of March 7, 2008, Plaintiff was sitting in her car, which was parked across the street from the home of her neighbor, Defendant Bruce, a police officer. From her vantage point in the car, Plaintiff could see Bruce's home. Plaintiff's purpose for being in the car that evening was to collect evidence concerning the behavior of Bruce's dog, who Plaintiff alleges barked excessively. Previously, Plaintiff had

reported the conduct of Bruce's dog to the City Prosecutor's Office[2]. Plaintiff hoped to turn over the evidence she collected the evening of her arrest to the City Prosecutor's Office so that Bruce could be prosecuted for her dog's conduct.

At approximately 6:55 p.m., Plaintiff saw Bruce exit her home and walk to the east side of her property, where she met her neighbor, Defendant Butts. As this meeting was breaking up, Plaintiff heard Butts say something like "sometimes this is what you have to do." At 7:30 p.m., a Phoenix Police car pulled up to Bruce's house. An officer exited the car and approached Plaintiff, all the while shining his flashlight in her face. As he approached, Plaintiff attempted to explain the reasons she was sitting in her car. The officer, whom Plaintiff states identified himself as Officer Jones, but whom was later identified as Defendant Officer Scott, responded by saying things like, "don't go near [Bruce]," "stay away from [Bruce]," "don't mess with me," and "I am the last person you want to mess with." Scott questioned Plaintiff and asked her for identification. When Plaintiff handed Scott her driver's license, she noticed what she believed to be a knife in his right hand, which he was using to clean the finger nails on his left hand.

Eventually, Scott walked away from Plaintiff's car and went to Bruce's front door. While he and Bruce were talking, Plaintiff, whom had become frightened, exited her vehicle and ran for her home, which she entered, then proceeded to call 911. After placing the 911 call, Plaintiff exited her home and saw that an additional police car and police motorcycle had gathered in front of Bruce's home. Plaintiff ran to get help from the newly arrived police

---

[2]Plaintiff did not state that she had previously filed a complaint with the City Prosecutor's Office in the 'facts' section of her Complaint. At the end of her Complaint, however, Plaintiff alleges that Defendants retaliated against her because of "her investigation into Officer's Bruce's barking dog and *her complaint regarding the same to the City Prosecutor's office*." (Dkt. #1, exb. 1, p.9) (emphasis added). Additionally, in their Motion to Dismiss, Defendants characterize Plaintiff's allegation as follows: "Plaintiff alleges in her Complaint that the Defendants retaliated against her because she complained about Officer Bruce's barking dog to the City Prosecutor's Office." (Dkt. #7, p.9). There does not, then, appear to be a dispute that Plaintiff alleges she did, in fact, complain to the City Prosecutor's Office prior to the events detailed in the Complaint.

officers, where she encountered Officer Defendant Stevens. She told Stevens that "he had a knife" and pointed to Scott. Stevens told her to go back in her home. As she left to return to her home, she saw what she thought were two police officers searching her car. This caused Plaintiff great concern, as she felt that she was the victim, so she went back in her home, called 911 again, then walked outside and stood on her property.

While standing on her property, two officers ran over and placed her under arrest. Plaintiff was then handcuffed. Plaintiff believes that Stevens and Defendant Reserve Officer Blake made the arrest. The officer who transported Plaintiff to the police station identified himself as Officer "Solo," but Plaintiff later learned he was Defendant Officer Churella. Plaintiff was charged with disorderly conduct based on the statement of Butts, who told officers that Plaintiff had been yelling from the street that she would get a knife and start threatening people, and that he had felt threatened by Plaintiff. Plaintiff went to trial in Phoenix Municipal Court, Cause No. M-0741-3786505, and was aquitted, with the court finding that Butts was not a credible witness.

C.  Discussion

Defendants requests that this Court dismiss Plaintiff's entire Complaint for failure to state a claim.[3] In her response brief, Plaintiff admits that some of her claims should be dismissed. Specifically, Plaintiff concedes that her state-tort claims for false arrest, false imprisonment, and excessive force are barred because she did not send any of the City Defendants a timely notice of claim, as required by state law. See A.R.S. § 12-821.01(A); ("Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the

---

[3]The manner in which Defendants have elected to attack Plaintiff's Complaint is problematic. It appears from the facts that some Defendants played a larger role than others in the events that are the subject of this action. Yet, Defendants Motion to Dismiss never attempts to distinguish between Defendants by arguing dismissal is appropriate as to some, but not others. Thus, when the Court finds dismissal is not appropriate, even if as to only one Defendant, it has no choice but deny dismissal as to all Defendants.

cause of action accrues."); Deer Valley Unified Sch. Dist. No. 97 v. Houser, 153 P.3d 490, 492 (Ariz. 2007) ("Claims that do not comply with A.R.S. § 12-821.01.A are statutorily barred."). She also admits that her Complaint does not state a claim for relief under 42 U.S.C. § 1983 for violation of her Eighth Amendment right to be free from cruel and unusual punishment, as only convicted prisoners have the standing to pursue such a cause of action. See Ingraham v. Wright, 430 U.S. 651, 671 n. 40 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."). The Parties, however, dispute whether Plaintiff has stated a cause of action as to the rest of her claims. The Court will evaluate each remaining claim in turn.

1. State-Law Wrongful-Prosecution Claim

Plaintiff attacks the sufficiency of Plaintiff's pleadings concerning her state law claim for wrongful prosecution on two axes: (1) the notice of claim sent to Defendants does not meet A.R.S. § 12-821.01(A)'s sufficiency requirement; and (2) the Complaint does not state a claim under federal law.

A.R.S. § 12-821.01(A) states that a notice of claim "shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed." In support of their argument that Plaintiff's notice of claim did not permit them to understand the basis for their liability, Defendants rely on Plaintiff's notice of claim, attached as an exhibit to their motion to dismiss. As a general rule, when considering a 12(b)(6) motion to dismiss courts may only look to facts alleged in the Complaint and in documents which have been attached thereto. Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) In the instant case, Plaintiff did not attach the notice of claim concerning wrongful prosecution to her Complaint. There is, however, an exception to this rule "under the incorporation by reference doctrine, which permits [courts] to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." Id. (internal quotations omitted). In her Complaint, Plaintiff makes explicit reference to the fact that she filed a

notice of claim pursuant to § 12-821.01(A), and she has not challenged the authenticity of Defendants' exhibits. The Court, therefore, will rely upon Plaintiff's notice of claim, which was filed as an exhibit along with its Motion to Dismiss.

Turning to the substance of Defendants' argument, the Court finds that Plaintiff's notice of claim satisfies the specificity requirement of § 12-821.01(A). At the outset, it very clearly states: "Upon information and belief, Sergeant Scott, Officer Metcalf, Officer Churella, Officer Stevens, Reserve Officer Isaac Blake and Officer Denise Bruce conspired with Brian Butts to bring false disorderly conduct charges against Karen to intimidate and discourage Karen not to pursue dog barking prosecution against Officer Denise Bruce." The notice of claim then sets forth Plaintiff's view of the facts in a manner nearly identical to the way they are set forth in her Complaint (and restated in this Order). The Arizona Supreme Court has noted that two of the primary purposes of the specificity requirement are to allow "allow the public entity to investigate and assess liability, [and] permit the possibility of settlement prior to litigation" Backus v. State, 220 Ariz. 101, 104 (Ariz. 2009). From its statement that Defendants intended "to bring false disorderly conduct charges," the notice of claim makes clear Plaintiff's intention to bring an action sounding in wrongful prosecution, and her recitation of the underlying facts, which include dates, times, and actions attributable to specific officers, certainly provided sufficient information from which both the state and the individual Defendants could have investigated any potential liability and, therefore, the possibility of settlement. Defendants' argument, therefore, that they could not understand the basis for their alleged liability rings hollow.

Defendants also assert that Plaintiff's Complaint fails to state a claim for malicious prosecution under state law, stating generally that it contains no factual allegations of actions by the Defendants that would support such a claim. Under Arizona law, "[a] complaint for malicious prosecution must allege (1) that there was a prosecution, (2) that it terminated in favor of plaintiff, (3) that defendants were prosecutors, (4) that they were actuated by malice, (5) that there was want of probable cause, and (6) the amount of damages sustained." Overson v. Lynch, 83 Ariz. 158, 161 (1957). In support of their position, Defendants make

1  one specific argument: the only factual allegation related to malicious prosecution contained
2  in Plaintiff's Complaint is that the criminal court, during Plaintiff's disorderly conduct trial,
3  found Defendant Butts—who has not joined in Defendants' instant motion—not to be a
4  credible witness.  In making such an argument, Defendants appear to suggest that liability
5  for malicious prosecution can lie only with those persons whom have participated in a
6  plaintiff's criminal trial - i.e. prosecutors and witnesses.  Defendants, however, offer no
7  authority for this proposition, and as the District of Arizona recently explained, while
8  evaluating a state-law claim for malicious prosecution against two arresting police officers,
9  "[m]alicious prosecution actions are not limited to suits against prosecutors but may be
10 brought, as here, against other persons who have wrongfully caused the charges to be filed."
11 Carino v. Gorski, 2008 U.S. Dist. LEXIS 83850, *17 (D. Ariz. Sept. 30, 2008) (quoting
12 Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004)); see Patterson v. Phoenix,
13 103 Ariz. 64, 70 (1968) (noting that when police officers have probable cause to press
14 charges, it is a complete defense to a wrongful prosecution action).  By basing the entirety
15 of its challenge to the sufficiency of Plaintiff's state-law wrongful prosecution claim on these
16 grounds, Defendants have failed to demonstrate that Plaintiff's Complaint does not state a
17 claim, and this Court cannot grant their motion to dismiss.

                2.      Section 42 U.S.C. § 1983 Claims

19      In her Complaint, pursuant to 42 U.S.C. § 1983, Plaintiff has alleged violations of her
20 rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution.
21 Specifically, Plaintiff states that Defendants conduct violated her right to be free from: (1)
22 retaliatory arrest for asserting claims against a public employee; (2) arrest without evidence
23 of probable cause; (3) prosecution without probable cause (malicious prosecution); and (4)
24 search of her automobile without a warrant.  To state a claim for relief under §1983, the
25 Plaintiff must plead two essential elements: (1) Defendants acted under color of state law;
26 and (2) Defendants caused Plaintiff to be deprived of a right secured by the Constitution and
27 laws of the United States."  Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir. 1997).
28 Defendants, do not appear to dispute that Plaintiff's Complaint satisfies the first of these vital

elements.[4] Instead, they argue that Plaintiff has not plead facts demonstrating the deprivation of the constitutional rights she has identified. The Court, therefore, will address each of Plaintiff's constitutional claims in turn.

          a.      Retaliatory Arrest

The First Amendment protects individuals from retaliatory prosecutions that are meant to chill speech. To state such a claim, a plaintiff must allege: (1) an officer took an action that "would chill or silence a person of ordinary firmness from future First Amendment activities," and (2) the officer's "desire to cause the chilling effect was a but-for cause of the [officer's] action." Skoog v. County of Clackamas, 469 F.3d 1221, 1232 (9th Cir. 2006). Plaintiff's Complaint alleges that she was arrested and prosecuted by Defendants because she had complained about Defendant Bruce's dog to the City Prosecutor's Office. Defendants argue that Plaintiff has failed to state a claim for relief because she has not specifically alleged Defendants' actions would chill future First Amendment conduct, or that Defendants desire to chill Plaintiff's speech was the but-for cause of her arrest.

Plaintiff does not deny, and a reading of her Complaint verifies, that Plaintiff has not explicitly stated the elements of retaliatory prosecution under the First Amendment. Stating the elements, however, is not necessary, as "the liberal rules of notice pleading under the Federal Rules of Civil Procedure only require a plaintiff to plead the facts underlying their § 1983 claim." Cabrera v. Martin, 973 F.2d 735, 745 (9th Cir. 1992). And having reviewed the Complaint, this Court finds that Plaintiff has done so. Plaintiff's Complaint states that

---

[4]In their motion, Defendants argues that Plaintiff fails to state a claim against Bruce under § 1983. Defendants state that "Plaintiff does not allege any conduct that would amount to a violation of her constitutional rights." It is not clear to the Court what the basis for this assertion, as she was a central figure in the allegations levied by Plaintiff, and one could infer from the factual allegations that Bruce developed the plan to intimidate and arrest Plaintiff for her dog-monitoring and reporting activities. The Court supposes that Defendants may be arguing that Bruce was off duty at the time of the alleged incident and, as a result, was not acting under color of state law. Assuming, without deciding, such an argument had legal merit, the factual record has not yet been sufficiently established as to whether or not Bruce was on duty or acting in her capacity as a police during the time complained of in the lawsuit.

Defendants Stevens and Blake placed her under arrest, which led to her prosecution for disorderly conduct. The threat of arrest and prosecution would certainly chill a person of ordinary firmness from engaging in first amendment activity. Additionally, Plaintiff's Complaint alleges that the sole purpose of this arrest was to prevent Plaintiff from further complaining to the City Prosecutor's Office about Defendant Bruce's dog, i.e. engaging in First Amendment activity.[5] This allegation is not merely conclusory, but is supported by Plaintiff's version of events.

Prior to the events of March 7, 2008, Plaintiff had made a complaint concerning Bruce's barking dog to the City Prosecutor's Office. Bruce is a Phoenix police officer. After seeing Plaintiff sitting in her car, Bruce had a conversation with Butts, and as that conversation broke up, Plaintiff heard Butts say to Bruce, "sometimes this is what you have to do." Soon thereafter Officer Scott arrived on the scene and immediately approached Plaintiff's car. Plaintiff attempted to explain her activities to Scott, but he responded by saying things like, "don't go near [Bruce]," "stay away from [Bruce]," "don't mess with me," and "I am the last person you want to mess with." After calling 911, because she was fearful of her interaction with Scott, Plaintiff approached Officer Stevens, who had subsequently arrived on the scene, and attempted to explain how Scott had intimidated her, stating she believed Scott had been brandishing a knife. Stevens told her to go home, and on her way back home Plaintiff believes she saw two Officers searching her car. After calling 911 again, Plaintiff was arrested based solely on Butts' claim that Plaintiff had been yelling from the street that she would get a knife and start threatening people, and that he had felt threatened by Plaintiff. Plaintiff was later acquitted because the trial court found Butt's testimony was not credible.

Assuming the truth of the aforementioned facts, one can infer that the but-for cause

---

[5]As Defendants have not cited authority to the contrary, the Court is assuming that Plaintiff's reporting of Bruce's dog's barking to the County Prosecutor's Office is First Amendment Activity. If, during the summary judgment phase of this action, Defendants can provide authority to the contrary, the Court will consider such an argument.

of Plaintiff's arrest was to chill any further attempts by Plaintiff to report the conduct of Bruce's dog to the police. In particular, the actions of Defendant Scott could be suggestive of improper motives for Plaintiff's arrest. Plaintiff, therefore, has successfully plead a cause of action for retaliatory arrest under the First Amendment; Defendants' motion is denied.

### b. Arrest Without Probable Cause

Plaintiff alleges that she was arrested without probable cause. "An arrest without probable cause violates the fourth amendment and gives rise to a claim for damages under § 1983." Borunda v. Richmond, 885 F.2d 1384, 1391 (9th Cir. 1988). "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." Ramirez v. City of Buena Park, 560 F.3d 1012, 1023 (9th Cir. 2009). Once again, Defendants argue that Plaintiff's Complaint is insufficient because it does not contain specific allegations that any of the Defendants acted without probable cause. This fact, however, is not fatal to Plaintiff's Complaint, as it only needs to contain facts which support her allegations. Cabrera v. Martin, 973 F.2d at 745. Assuming the truth of the factual allegations made in the Complaint, as the Court must, a reasonable inference may be drawn that Defendants acted without probable cause. As the Court has already explained, the facts support an inference that the arrest of Defendant was retaliatory in nature. It stands to reason that an arrest made for purposes of retaliation could not simultaneously have been based on probable cause. The Court finds, therefore, that Plaintiff's Complaint states a claim for arrest without probable cause under the fourth amendment.

### c. Unlawful Search and Seizure

In her Complaint, Plaintiff alleges that her car was unlawfully searched without a warrant. Defendants state that Plaintiff's complaint does not state a claim, but have failed to cite an appropriate legal standard against which their arguments can be measured. Without citation, Defendants argue that this claim must be dismissed because there are no specific allegations that any of the officer's acted without probable cause. First, Plaintiff's Complaint

1 does not name specific officers because she states she is uncertain who the two officers were
2 that searched her car. Discovery on this issue should clear-up any confusion. Secondly, the
3 Court, has already found that Plaintiff's Complaint supports an inference that Defendants
4 acted without probable cause in arresting Plaintiff. The same inference is warranted with
5 regards to a search of Plaintiff's automobile, as the facts suggest the search, if it took place,
6 may have been undertaken for purposes of intimidation or retaliation, not for legitimate
7 police purposes.

### d. Malicious Prosecution

Plaintiff asserts a malicious prosecution claim against Defendants under 42 U.S.C. § 1983. "[T]o prevail on a § 1983 claim of malicious prosecution, a plaintiff 'must show that the defendants prosecuted [her] with malice and without probable cause, and that they did so for the purpose of denying [her] equal protection or another specific constitutional right.'" Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004) (quoting Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995)). "Malicious prosecution actions are not limited to suits against prosecutors but may be brought, as here, against other persons who have wrongfully caused the charges to be filed." Id. at 1066. Plaintiff argues that Defendant's Complaint is inadequate because it does not allege that Defendants prosecuted her for the purpose of violating Plaintiff's constitutional rights. Once again, although Plaintiff's Complaint does not make that specific allegation, the Complaint does characterize Plaintiff's attempt to report the behavior of Bruce's dog to the County Prosecutor's office as speech, alleging a First Amendment retaliation claim. If viewed as speech in the retaliation context, then Defendants alleged conduct in the malicious prosecution context can be seen as having been undertaken for the purpose of denying Plaintiff's First Amendment rights.

Additionally, Defendants argue that Plaintiff's Complaint has not set forth sufficient facts to state a claim for malicious prosecution under § 1983. The Court rejects this argument, as it has already found that Plaintiff's Complaint supports an inference that Defendants acted without probable cause. As for malice, Defendants have not set forth how it is defined in this context, accordingly, the Court cannot judge whether Plaintiff's

Complaint states sufficient facts to warrant such an inference. As such, it will not dismiss Plaintiff's claim for malicious prosecution.

      3.  Punitive Damages

  In her complaint, Plaintiff has asked for punitive damages. Defendants argue that such damages are neither recoverable for Plaintiff's state law claims, nor for her § 1983 claims against Defendants in their official capacity. Defendants are correct as to Plaintiff's state law claim, as A.R.S. § 12-820.04 states: " Neither a public entity nor a public employee acting within the scope of his employment is liable for punitive or exemplary damages." Defendants are also correct that under § 1983 punitive damages are not recoverable against Defendants acting in their official capacity. Newport v. Fact Concerts, 453 U.S. 247, 271 (1981). Plaintiff points out, however, that the instant action is against Defendants in their individual capacities, not their official capacities. Punitive damages are recoverable in § 1983 suits brought against individual officials. Id. at 254.

  **Accordingly,**

  **IT IS HEREBY ORDERED** denying Plaintiff's Motion to Remand (Doc. 12, CV 09-2686).

  **IT IS HEREBY ORDERED** denying Plaintiff's Motion to Stay the Pending Motion to Dismiss And Pending Motion to Remand Until the Remaining Defendants Have Been Served With Process in this Case and Given a Reasonable Time to Respond (Doc. 13, CV 09-2686).

  **IT IS FURTHER ORDERED** granting in part and denying in part Defendants' Motion to Dismiss. (Doc. 7, CV 09-2686).

  **IT IS FURTHER ORDERED** that a Rule 16 Scheduling Conference will be set as soon as the Court rules on the outstanding motion to dismiss in CV 09-1858-PHX-MHM.

  DATED this 7th day of July, 2010.

_____
Mary H. Murgula
United States District Judge